**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN D. FISHER, on behalf of himself and all others similarly situated, | Civil Action No.: |
| Plaintiff, | Removed From: Superior Court of New Jersey Law Division: Essex County |
| v. | Docket No. ESX-L-6509-22 |
| AIR METHODS CORPORATION, ROCKY MOUNTAIN HOLDINGS, LLC and ROCKY MOUNTAIN HOLDINGS LIMITED LIABILITY COMPANY, | NOTICE OF FILING PETITION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY FOR REMOVAL 28 *U.S.C.* § 1446(d) |
| Defendants. | |

SIR/MADAM:

**PLEASE TAKE NOTICE** in accordance with 28 *U.S.C.* §§ 1441-1451, Defendants Air Methods Corporation; Rocky Mountain Holdings, LLC; and Rocky Mountain Holdings Limited Liability Company (collectively "Defendants"), hereby give notice that they have removed the above-entitled case from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey. In support of this notice, Defendant states the following:

1. On November 2, 2022, Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division, Essex County, captioned *Kevin D. Fisher v. Air Methods Corporation, Rocky Mountain Holdings, LLC and Rocky Mountain Holdings Limited Liability Company*,

Docket No. ESX-L-6509-22. The Complaint seeks injunctive and declaratory relief pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-51. A copy of the Complaint is attached hereto, pursuant to 28 U.S.C. § 1446(a), as *Exhibit A*.

2. The United States District Court for the District of New Jersey has subject matter jurisdiction to hear this case. First, that court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1453 because this civil case is a proposed class action of over 100 individuals, where Plaintiff and at least one Defendant are residents of different states, and the amount in controversy exceeds $5,000,000. Additionally, that court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case is a civil action arising under federal law. All other requirements for removal have been satisfied.

**BASIS OF REMOVAL UNDER 28 U.S.C. § 1332(d)**

3. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1453 (the "Class Action Fairness Act" or "CAFA"). The CAFA amended the federal diversity jurisdiction statute to create original jurisdiction in any civil class action where: "(a) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (b) the proposed class contains more than 100 members; and (c) minimal diversity exists, meaning that any class member is a citizen of a state different from any defendant." *Ellithy v. Healthcare Training Inst., Inc.*, Civil Action No. 2:12-cv-06209 (CCC)(JAD), 2013 U.S. Dist. LEXIS 89959, at *8-9 (D.N.J. June 21, 2013) (cleaned up) (citing 28 U.S.C. § 1332(d)).

4. These requirements are satisfied here. The amount in controversy significantly exceeds the $5,000,000 threshold. The proposed class also consists of substantially more than 100 members. Finally, as the Complaint states, Plaintiff is diverse from at least one Removing

Defendant. Plaintiff is a New Jersey citizen while Defendants Air Methods and Rocky Mountain Holdings, LLC are citizens of Colorado and Delaware. Ex. 1, Compl. ¶¶ 3, 5 (erroneously conflating Rocky Mountain Holdings, LLC with Rocky Mountain Holdings Limited Liability Company. Defendant Rocky Mountain Holdings Limited Liability Company is an error and a non-existent entity. But as alleged in Plaintiff's Complaint, Rocky Mountain Holdings, LLC is a citizen of Delaware and Ohio. Accordingly, a member of the class is a citizen of a different state (New Jersey) from any Removing Defendants, and the United States District Court for the District of New Jersey may maintain original jurisdiction pursuant to the CAFA. Removal is proper.

## BASIS FOR REMOVAL UNDER 28 U.S.C. § 1331

5.      This case is also being removed pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

6.      In his Complaint, Plaintiff asserts a cause of action under the Airline Deregulation Act ("ADA"), 42 U.S.C. § 41713. *Id.* ¶ 10. The ADA, in turn, contains a preemption provision. 42 U.S.C. § 41713(b)(1). *See., e.g., id.* ¶¶ 11, 31–33, 40. ADA. Specifically, Plaintiff seeks a declaration regarding Removing Defendants' legal entitlement to collect payment from him in light of the ADA's preemption provision. Ex. 1, Compl. ¶¶ 10–11, 31–33, 40, 61, 64, 67, 70 ("In this action, Plaintiff seeks declaration with respect to Defendants' legal entitlement to payment from Plaintiff in light of the pre-emption provision of the ADA, pre-empting all state common law implying price terms, and the nature and extent of any legal entitlement by Defendants to receive payment in the absence of a non-pre-empted contract claim.").

7. As explained by the Supreme Court, "A federal question is presented when the complaint invokes federal law as the basis for relief." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (internal quotation marks omitted). Here, Plaintiff invokes the ADA as a basis for relief. Ex. 1, Compl. ¶ 40.

8. And while federal statutory preemption is typically not a basis for federal question jurisdiction, the cases so holding are in the context of a defendant raising preemption as a defense to the plaintiff's state law claims. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983) (explaining that federal courts do "not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, [] or that a federal defense the defendant may raise is not sufficient to defeat the claim" as those allegations do not show that "the plaintiff's original cause of action, arising under the Constitution"). But here, preemption is not a defense, but rather a fundamental element of Plaintiff's cause of action. *See, e.g.*, Ex. 1, Compl. ¶ 70(d) (asking the Court to "declare that the ADA pre-empts imposition of any state common law contract principles that impose terms upon patients which those parties did not expressly assent to prior to the air medical transportation services provided to them"). Thus, it is undeniable that the basis of Plaintiff's cause of action arises out of the theory that Defendants are preempted by the ADA. Removal is, therefore, appropriate. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (to avoid removal based on federal question jurisdiction, plaintiff must "exclusive[ly] rel[y] on state law" to assert his or her cause of action).

9. Plaintiff served Removing Defendants with a copy of the Complaint by service on their registered agent in West Trenton, New Jersey on November 8, 2022. Because this Notice of

Removal was filed within 30 days after service of the Complaint on Removing Defendants, this removal is timely under the provisions of 28 U.S.C. § 1446(b).

10. Removing Defendants are the only defendants named in this action. As such, all defendants consent to removal of this action. Therefore, all the requirements of 28 U.S.C. § 1446(b)(2)(A) are satisfied. 28 U.S.C. § 1446(b)(2)(A) (requiring that "all defendants who have been properly joined and served . . . join in or consent to the removal of this action").

12. No previous petition or notice has been made for the relief sought herein.

13. A Notice of Filing Petition will be filed with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior Court of New Jersey in Essex County.

14. Additionally, a copy of both Notices will be served upon Plaintiff. At the time of filing.

**WHEREFORE,** Defendants Air Methods Corporation; Rocky Mountain Holdings, LLC; and Rocky Mountain Holdings Limited Liability Company, respectfully give notice that the above matter is removed to the United States District Court for the District of New Jersey from the Superior of New Jersey, Law Division, Essex County.

Dated: December 8, 2022

                **LITE DEPALMA GREENBERG & AFANADOR, LLC**

By:   */s/ Bruce D. Greenberg*
       Bruce D. Greenberg, Esq.
       570 Broad Street, Suite 1201
       Newark, New Jersey 07102
       *Attorneys for Defendants*